UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JUAN GARCIA**<br><br>Plaintiff,<br><br>v.<br><br>**THE UNIVERSITY OF TEXAS AT AUSTIN,**<br><br>Defendant. | Civil Action No.: 1:24-cv-01307<br><br><br>JURY DEMAND |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**COMES NOW** the Plaintiff, Juan Garcia, by and through undersigned counsel, Tully Rinckey, PLLC, and hereby states the following complaint against Defendant, The University of Texas at Austin (hereinafter "Defendant"), for the cause of action stated as follows:

### I.  NATURE OF THE CASE

1. Plaintiff Juan Garcia ("Plaintiff" or "Mr. Garcia") brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et. seq* for relief from discrimination based on sex.

### II.  THE PARTIES

2. Plaintiff is domiciled in Austin, Texas, Travis County, which is a county in this district.

3. Defendant is The University Of Texas At Austin, A nonprofit organization.

4. Plaintiff was formally employed by the Defendant as the Former Assistant Vice President For Advancement Strategy And Campaign Director In The University Development Office (UDO).

5. Defendant is a corporation headquartered in Austin, Texas 78712. Defendant carries on regular business in Texas and has offices in Austin, Texas, Travis County, which is a county in this District.

### III.   JURISDICTION AND VENUE

6. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, § 1332, §1367, and 42 U.S.C §§ 2000e-5, as it asserts a claim that arises under the Constitution, laws, or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et. seq*.

7. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

8. Venue is appropriate in the Western District of Texas, Austin Division under 28 U.S.C. § 1391 because the unlawful acts herein were committed in this district.

9. Jurisdiction supporting Plaintiff's claim for attorney's fees and costs is conferred by 42 U.S.C. § 1988.

### IV.   EXHAUSTION OF REMEDIES

10. On March 15, 2023, Plaintiff filed his EEOC charge of discrimination Charge No. 451-2023-02095 against the Defendant. *See* Enclosure 1, Charge of Discrimination.

11. On July 30, 2024, the EEOC issued a determination to not proceed further with the investigation and makes no determination about whether further investigation would establish violations of the statute for Charge No. 451-2023-02095. This determination also provided Plaintiff with his Notice of Right to Sue in Federal Court within ninety (90) days

of receipt of the notice (i.e., October 28, 2024). *See* Enclosure 2, Determination and Notice of Rights.

12. Plaintiff has exhausted all of his administrative remedies related to this case. As such, Plaintiff timely files this action within ninety ("90") days of receipt of the Notices of Right to Sue.

13. This Complaint is therefore proper and timely.

## V.    FACTS

14. Plaintiff is male and identifies as a male at the time of his employment.

15. Mr. Garcia began his employment with the Defendant in February 2004 as Director of Development Strategy and Analytics.

16. In 2006, Mr. Garcia met Amanda Bartelt ("Ms. Bartelt") as they were both working for the Defendant at that time.

17. In 2011, Mr. Garcia left the Defendant's employment to pursue other opportunities. At that time, Ms. Bartelt remained employed with the Defendant.

18. In November 2014, Mr. Garcia returned to the Defendant and was employed as the Chief Strategy and Analytics officer for the Defendant's Athletics department.

19. In November 2017 Mr. Garcia returned to work in University Development as Assistant Vice President to lead the Advancement Strategy Team and the institution's $6B fundraising campaign.

20. Mr. Garcia regularly surpassed expectations in his performance evaluations and received commendation from his superiors. During Mr. Garcia's 2021 evaluation, Scott Rabenold ("Mr. Rabenold"), Vice President of Texas Development stated: "He's done some incredible work – and he's growing as a leader. We would not be having the success we

are having without his efforts…In particular, I want to call out Juan's growth as a leader this year. It hasn't always been easy, but he has dealt with tough situations and learned [through] those experiences…"

21. On March 2, 2022, and April 5, 2022, Mr. Garcia received notices of a formal complaint alleging that he engaged in unprofessional conduct against Ms. Bartelt, Katie Cook ("Ms. Cook"), and Cassandra Bernhardt ("Ms. Bernhardt") in violation of university policy HOP 3-3031 Track C, the lowest level of violations.

22. These notices were the first time that Mr. Garcia learned of allegations of unprofessional conduct against him. The alleged conduct described in the complaints purportedly occurred over the span of several years dating as far back as 2009, 2014-2017, and 2020.

23. During the investigations into Mr. Garcia's alleged misconduct, Mr. Garcia fully cooperated with the Defendant providing relevant testimony and evidence regarding the credibility of several witnesses and affirmative rebuttals to the allegations.

24. Mr. Garcia was acquitted of engaging in sexual harassment quid pro quo and acquitted of engaging in sexual harassment creating a hostile work environment under university policy.

25. The Defendant terminated Mr. Garcias employment based on the grounds of unprofessional or inappropriate conduct of a sexual nature.

26. Despite Mr. Garcia's stellar performance as Assistant Vice President and lack of workplace infractions or allegations, Mr. Garcia was terminated from his position as Assistant Vice President for Advancement Strategy and Campaign Director at The University of Texas at Austin on November 21, 2022.

27. The evidence used to substantiate the findings against the Plaintiff consists of third-party statements. There were no firsthand statements used against Mr. Garcia in the Defendants investigation.

28. Throughout each investigation, majority of the witnesses cited never personally observing Mr. Garcia engaging in the alleged misconduct and could not remember names or identify specific individuals who were allegedly subjected to Mr. Garcia's conduct.

29. The Defendant's internal investigations noted that Ms. Bartelt was found to have engaged in the same unprofessional conduct of a sexual nature that was the basis for Mr. Garcia's termination. The investigation concluded that from 2015-2017, Mr. Garcia and Ms. Bartelt exchanged numerous flirtatious Facebook messages.   Ms. Bartelt was not disciplined.

30. The Defendant failed to take fair and impartial remedial action and opted to hold Mr. Garcia singularly responsible and not Ms. Bartelt.

31. On November 21, 2022, the University engaged in sex discrimination and subjected Mr. Garcia to disparate treatment when the Defendant wrongfully terminated his employment.

32. In their termination letter, the Defendant charged Mr. Garcia with unprofessional conduct. The Defendants policy states, "The University will consider termination for faculty or staff, the presumptively appropriate discipline for a finding of responsibility, for the following Prohibited Conduct: (1) Sexual Assault, (2) Interpersonal Violence (3) Stalking, and (4) Sexual Harassment. This presumption may be rebutted or confirmed, in the disciplinary authority's discretion, by one or more mitigating or aggravating factors in order to reach a just and appropriate resolution in each case." See HOP 3-3031.

33. None of the alleged conduct regarding Mr. Garcia amounts to any of the four criteria warranting termination.

34. Mr. Garcia was acquitted of both types of sexual harassment claims as defined by university policy and concluded in the investigation findings. The Defendant provided no evidence that Mr. Garcia sexually harassed Ms. Bartelt, Ms. Cook, and Ms. Bernhardt.

35. Presently, the Defendant has not provided Mr. Garcia with any information regarding whether Ms. Bartelt was disciplined at all for violation of university policy

## VI.  CAUSES OF ACTION

### COUNT ONE

**(Discrimination on the Basis of Sex in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*)**

36. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

37. As a person who identifies as male, Plaintiff is a member of a protected class.

38. Because of his sex, Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint, including the Defendant's procedurally deficient investigations and subsequent termination of Mr. Garcia on the basis of his alleged "unprofessional conduct".

39. The Defendant's improper adverse actions materially affected the terms, privileges, and conditions of Plaintiff s employment as it made Mr. Garcia ineligible for future employment at the University based on deficient investigatory findings.

40. The Defendant knew that the Plaintiff was male and identified as a male prior to subjecting Plaintiff to the aforementioned material adverse employment actions and was aware of the discrimination Plaintiff was subjected to because of his sex.

41. Plaintiff's sex was a determining factor in Defendant's unlawful conduct toward Plaintiff.

42. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

43. Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless, and in callous disregard of the rights of Plaintiff because of his sex.

44. The Defendant affirms that the Plaintiff satisfies the first three elements to establish a prima facie case of discrimination.

45. Ms. Bartelt, as a member of a different class who identified as female, was treated more favorably than the Plaintiff. Based on the findings, Ms. Bartelt also engaged in conduct of a sexual nature that is unprofessional, inappropriate, and prohibited under university policy by exchanging hundreds of flirtatious and sexually suggestive messages with Mr. Garcia.

46. In the Position Statement proffered by the Defendant to the EEOC, the Defendant stated that Mr. Garcia was Ms. Bartelt's superior. However, the Plaintiff was also a staff member and was not in Ms. Bartelt's direct supervisory chain nor did he have the authority to sanction her or affect her employment opportunities. As such, Mr. Garcia was similarly situated to Ms. Bartelt.

47. As a direct and proximate cause of Defendants investigation, the Plaintiff was ultimately terminated.

48. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury, and monetary damages, including but not limited to past and future loss of income, benefits, lost promotion and promotional opportunities, career opportunities, and is entitled to all available legal and equitable remedies.

49. Plaintiff has incurred lost wages, loss of reputation, and loss of career opportunities now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

   a. Award monetary damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct, including for lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

   b. Award reasonable attorney fees, costs, and expenses incurred for this action;

   c. Award equitable, declaratory, and injunctive relief; and

   d. Award such other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues set forth herein pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: October 28, 2024.                                  Respectfully Submitted,

/s/ Sean C. Timmons
Sean C. Timmons,
Managing Partner
TULLY RINCKEY PLLC
18726 University Blvd, Ste. 107
Sugar Land, TX 77479
Office: (832) 240-3273
Facsimile: (832) 533-8999
Email: stimmons@tullylegal.com

/s/Michael C. Fallings
Michael C. Fallings, Esq.
Managing Partner
TULLY RINCKEY, PLLC
3420 Executive Center Dr.,
Suite 160
Austin, TX 78731
mfallings@fedattorney.com

/s/Paul Friener
Paul Friener, Esq.
Managing Partner
TULLY RINCKEY, PLLC
3420 Executive Center Dr.,
Suite 160
Austin, TX 78731
pfriener@tullylegal.com

9